IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL STEVEN KOBER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 5:09-cv-01772 |
| v. | ) |
| | ) |
| NATIONAL BOARD OF MEDICAL EXAMINERS, | ) |
| | ) |
| Defendant. | ) |

### DECLARATION OF CATHERINE FARMER, PSY.D.

Catherine Farmer hereby deposes and states:

1. I currently am employed by the National Board of Medical Examiners ("NBME") as Manager, Disability Services and ADA Compliance Officer, Testing Programs. As Manager, my duties include, among other things, operational responsibility for the office that receives and processes requests for test accommodations for the United States Medical Licensing Examination™ ("USMLE"). I am responsible for making decisions whether to approve requests for accommodations on Steps 1 and 2 of USMLE as well as decisions concerning the appropriateness of the accommodation(s) to be provided.

2. The NBME is a private non-profit corporation which, together with the Federation of State Medical Boards of the United States, Inc. ("FSMB"), another non-profit corporation, has established the USMLE. The USMLE is an examination designed to assess a physician's ability to apply knowledge, concepts, and principles, and to demonstrate fundamental patient-centered skills that are important in health and disease and that constitute the basis of safe and effective

- 1 -

patient care. Each state's medical licensing authority sets its own rules and regulations for those seeking a license to practice in that jurisdiction. Results of the USMLE are reported to these authorities for their use in evaluating applicants seeking an initial license to practice medicine. The USMLE provides them with a common evaluation system for these applicants. Among the goals of the USMLE are (i) to provide to licensing authorities meaningful information from assessments of medical knowledge and skills that are important to the provision of safe and effective patient care; and (ii) to assure fairness and equity to applicants through the highest professional testing standards.

3. The mission of the NBME is to protect the health of the public by providing a common, consistent, state-of-the-art system of assessment for health professionals. Maintaining the integrity of the testing process is a critical part of the NBME's obligation to protect the public safety. In order to protect the integrity and meaning of the scores, the USMLE is administered under standard conditions, and the NBME has policies and procedures in place that are intended to ensure that no examinee or group of examinees receives unfair advantage on the examination.

4. There are three phases of the USMLE exam, consisting of four examinations known as "Steps." The Step 1 and Step 2 Clinical Knowledge (CK) portions of USMLE are computer-based multiple choice examinations administered year-round at locations nationwide and internationally. The Step 2 Clinical Skills (CS) exam, in which examinees interact with individuals trained to portray patients, is administered year-round at five centers across the United States. The Step 3 portion of USMLE is a computer- based multiple choice examination administered year-round at testing locations nationwide.

5.     The NBME's Office of Disability Services is responsible for implementing the USMLE's policy of providing test accommodations to individuals with recognized disabilities under the Americans with Disabilities Act, as amended by the ADA Amendments Act of 2008 ("ADA"). Upon receipt and review of an examinee's request for test accommodations and submission of supporting documentation, NBME consults with experts with expertise in the assessment, diagnosis, treatment and accommodation of the claimed disability to assist in determining whether the applicant's submission documents that she or he has a substantial limitation in a major life activity and, if so, what test accommodations are appropriate.

6.     While the NBME grants reasonable test accommodations to examinees with disabilities as defined by the ADA, the NBME denies requests for test accommodations that include modifications in the standard conditions of test administration when the applicant has not provided documentation which establishes the existence of a condition or impairment that rises to the level of a disability as defined by the ADA.

7.     On June 3, 2008, NBME received from Michael Steven Kober ("Mr. Kober"), a student at the American University of the Caribbean School of Medicine, a request for the test accommodations of time and one-half the standard testing time and a "distraction reduced environment" for taking Step 1 on the basis of his alleged Attention Deficit Hyperactivity Disorder ("ADHD") and reading disability. The NBME reviewed Mr. Kober's request and his attached documentation pursuant to its routine process for reviewing requests for test accommodations. The preliminary review revealed that Mr. Kober's submission contained insufficient information for NBME to make a decision regarding his request for test accommodations.

8.      On July 16, 2008, NBME sent Mr. Kober a letter informing him that NBME needed additional information in order to evaluate his request for accommodations. Specifically, NBME asked Mr. Kober to provide records documenting a history of impairment that disrupted his early learning, academic, social, vocational, or daily adaptive functioning, such as grade reports and transcripts, standardized test results, or reports from his teachers, tutors or past treatment providers describing the nature of his alleged reading, learning, attention, and concentration problems. In addition, NBME requested current documentation of his alleged impairments, so that the NBME could evaluate the extent to which Mr. Kober currently meets diagnostic criteria for ADHD and/or a reading disability, and the extent to which he is substantially limited in a major life activity. A copy of this letter is attached as Exhibit A.

9.      On or about July 22, 2008, Mr. Kober notified NBME of his intent to withdraw his request for test accommodations. By a letter dated July 24, 2008, the NBME acknowledged Mr. Kober's request and informed him that his request for test accommodations was not denied but closed at his request, and he could submit a future request for test accommodations if he desired.

10.     Mr. Kober subsequently took and failed to achieve a passing score on Step 1 of USMLE on three separate occasions: August 9, 2008, December 11, 2008 and March 16, 2009.

11.     On April 20, 2009, Mr. Kober called NBME to inquire about again requesting test accommodations for Step 1. He was informed that he should begin the process by registering for the exam and submitting the four-page Applicant's Request form and a personal statement. On April 22, 2009, Mr. Kober registered to take Step 1 within the three-month eligibility period of June 1 to August 31, 2009, and he indicated his intention to request test accommodations.

12. On June 3, 2009, NBME received various documents and a cover letter from Mr. Kober in support of his request for test accommodations.

13. On June 19, 2009, NBME received an Applicant's Request for Test Accommodations from Mr. Kober requesting time and one-half and a distraction-free environment on Step 1 on the basis of an alleged Attention Deficit Hyperactivity Disorder ("ADHD") and an alleged reading disability.

14. By a letter dated June 24, 2009, the NBME advised Mr. Kober that a preliminary review of his June 2009 request and documentation revealed that his submission was insufficient for NBME to make an informed decision regarding his request for test accommodations. The NBME asked him to submit additional documentation to demonstrate the current functional impact of his reported difficulties, such as post-secondary school academic transcripts, scores from standardized admissions tests (*e.g.*, SAT, GRE, MCAT) and verification of accommodations granted for such tests, job performance evaluations, formal medical school faculty or supervisor feedback, clerkship evaluations, or recent diagnostic or treatment summaries from treatment providers. A copy of NBME's June 24 letter is attached as Exhibit B.

15. Mr. Kober did not provide supplemental documentation. Instead, on July 29, 2009, the NBME received a letter from Mr. Kober's counsel, Vincent E. Nowak, asking that the NBME "reconsider" its decision concerning Mr. Kober's request for test accommodations. By a letter dated July 30, 2009, the NBME acknowledged receipt of Mr. Nowak's letter and informed him that no final decision had been made regarding Mr. Kober's request. Furthermore, the NBME informed Mr. Nowak that it was currently awaiting a response from Mr. Kober to its June 24, 2009 letter and asked that Mr. Kober either submit the additional information requested or confirm that he did not intend to do so, so that the NBME could review the file in its then-current

state and render a decision. Copies of Mr. Nowak's letter to NBME and the NBME's response are attached as Exhibits C and D, respectively.

16. To date, NBME has received no response from Mr. Kober or Mr. Nowak to its July 30, 2009 request for either supplemental documentation or confirmation that no such documentation was going to be provided.

17. Mr. Kober's three-month registration period to take the Step 1 exam expired on August 31, 2009. He has not re-registered, and thus he is not currently registered to take the Step 1 exam. Likewise, he has no accommodation request pending with the NBME.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 13, 2009.

_____
Catherine Farmer, Psy.D.

# EXHIBIT A




**National Board of Medical Examiners®**
3750 Market Street
Philadelphia, PA 19104-3102
215.590.9500

-Confidential-

1031715   0-755-740-8
Denial-Decision Letter (a

July 16, 2008

Michael Steven Kober
241 Pennsylvania Ave
Shreveport, LA 71105

RE: USMLE Step 1                                    USMLE ID#: 0-755-740-8

Dear Mr. Kober:

We have conducted a preliminary review of your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1. However, the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time.

According to your request for accommodations, you report the nature of your disability to be Attention-Deficit/Hyperactivity Disorder (ADHD) diagnosed in 2000 and Reading Disorder diagnosed in 2003.

Received with your request was a March 13, 2000 "Consult Note" in which David S. Post, Ph.D. reports, *"Mike's WAIS-III scores fall at about the 50th percentile, with no significant subtest variation. His Achievement scores are consistent with his WAIS-III scores, revealing no problems in the areas of Broad Reading, Broad Math, and mild problems with Broad Written Language. His cognitive abilities scores reveal no problems with Auditory Processing or Visual Processing."* Dr. Post assigns you the diagnosis of ADD, Inattentive Type and Anxiety Disorder NOS. No objective data or clinical discussion were provided to support an anxiety diagnosis.

Also provided for our review was a single page dated August 27, 2003 and labeled "Neuropsychological Evaluation" in which Dr. Post reports, *"Michael is diagnosed with ADHD and with mild dyslexia characterized by a tendency to misread words, insert words, or omit words, thereby changing the meaning of the sentence."* A comprehensive report and score data were not provided. Thus, it is unclear what information and diagnostic criteria were used by your evaluator. Moreover, in 2000, you reportedly earned average range academic achievement scores, commensurate with your measured intellectual abilities and not suggestive of reading impairment. Dr. Post did not assign you a diagnosis of Reading Disorder or Dyslexia at that time.

The most recent documentation provided was a May 13, 2008 letter from P. Keith Nabours, M.D., in which he reports, *"In addition to Mr. Kober, I interviewed his mother and reviewed the results of psychological testing provided by David Post, Ph.D. It is my impression that Mr. Kober meets the diagnostic criteria for a diagnosis under DSM-4 of 314.00 ADHD, predominantly Inattentive Type. He also has symptoms of an anxiety disorder not otherwise specified and dyslexia."*

Disorders of learning, attention, and/or behavioral control of sufficient severity to substantially compromise reading, learning, or other functional abilities are generally recognized as being developmental in nature. Thus, it is expected that chronic and pervasive difficulties will emerge during childhood. It must be documented beyond self-report that such symptoms have consistently and pervasively disrupted your learning throughout your development and/or disrupted academic, social, vocational, or daily adaptive functioning.

The documentation you have provided to date is not sufficient to demonstrate that you are currently substantially limited in one or more major life activities. If you wish for us to process your request for accommodations, you must submit documentation to show the extent to which you currently meet the diagnostic criteria as detailed in the *DSM-IV-TR* and that you are substantially limited in one or more major life activities. For example, you should provide objective records validating a history of impairment, such as grade reports and transcripts, results from all standardized tests taken in childhood (e.g., California/Iowa Achievement Tests, ISEE, etc), contemporaneous reports from teachers, tutors or other past treatment providers describing the nature of your academic, attention, and impulsivity problems, as well as any other records that would show how your functioning was significantly impaired during your developmental years.

In addition, you should provide objective records to document the chronic course and current impact of your reported difficulties, such as college, medical school, and other post-secondary records and transcripts and scores for all nationally standardized tests taken (such as the PSAT, SAT, ACT, GRE, MCAT, etc.). Other sources of information to document substantial impairment in one or more major life activities may include job performance evaluations, formal medical school faculty/supervisor feedback, or other sources to document what you can and cannot do on a regular and continuing basis.

The USMLE Guidelines for Test Accommodations at www.usmle.org for a detailed description of how to document a need for accommodation and discuss this information with your evaluators to assist you in compiling complete and comprehensive documentation. This information will assist us in determining whether you are a covered individual as defined by the Americans with Disabilities Act (ADA) and if so, what accommodations are appropriate.

We will release the hold on your scheduling permit at this time. You may schedule your examination and test under standard conditions or you may provide additional documentation as outlined above for our review.

If you choose to provide additional documentation, send it by mail to Disability Services, 3750 Market St. Philadelphia, PA 19104. Alternatively, you may fax documents to 215-590-9422 and call 215-590-9700 to verify receipt. Please do not send bound or tabbed materials, or duplicate copies of documentation already submitted as these will delay processing of your request. You are responsible for monitoring your registration status and examination eligibility. We must receive sufficient additional documentation to process your request prior to the expiration of your eligibility period.

If we do not receive additional documentation from you, or if you test under standard conditions, your request for test accommodations will be cancelled. If you do not plan to submit additional documentation and would like test under standard conditions, please contact your case coordinator, Maria L. Fuentes, at 215-590-9700.

Sincerely,

Catherine Farmer, PsyD
Manager, Disability Services
ADA Compliance Officer, Testing Programs

# EXHIBIT B

 **NBME**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

-Confidential-

June 24, 2009

Michael Steven Kober
241 Pennsylvania Ave.
Shreveport, LA 71105

RE: USMLE Step 1                    USMLE ID#: 0-755-740-8

Dear Mr. Kober:

We have conducted a preliminary review of your request for test accommodations for the United States Medical Licensing Examination (USMLE) Step 1. However, the information you submitted is incomplete and we are therefore unable to make an informed decision about your request at this time.

According to your request form, you report being diagnosed with Attention-Deficit Hyperactivity Disorder (ADHD) in 2000 and a Reading Disability in 6/2003. To date, we have not received any documentation of an evaluation from June 2003 reflecting a *Diagnostic and Statistical Manual of Mental Disorders, Fourth Edition* (DSM-IV) diagnosis of Reading Disorder. As stated in a July 16, 2008 letter to you from Catherine Farmer, Psy.D. at the NBME, we have on file a one-page document titled "Neuropsychological Evaluation," from 8/27/03, by David S. Post, Ph.D., in which Dr. Post states, "*Michael is diagnosed with ADHD and with mild dyslexia characterized by a tendency to misread words, insert words, or omit words, thereby changing the meaning of the sentence.*" However, it remains unclear what information or diagnostic criteria were used by your evaluator, particularly because Dr. Post did not assign you a diagnosis of Reading Disorder or Dyslexia in his Consult Note dated 3/13/00, or in any of his "Statements," dated 2/12/02, 4/15/03, and 4/25/03. Although we received the May 2009 Psychological Summary by Patricia D. Post, Ph.D. reflecting the administration of the Nelson-Denny Reading Test (NDRT), it was noted that your obtained NDRT Vocabulary and Comprehension scores are within the average range compared to the pooled standardization sample, where the mean is 200 and the standard deviation is 25. Your evaluator appears to place emphasis on your NDRT Reading Rate score, however, this score is not considered by experts to be a reliable measure of reading speed as it is determined on the basis of a single, one-minute reading sample.

Accommodations are intended to provide access to the USMLE testing program for individuals with a documented disability as defined by the Americans with Disabilities Act (ADA), as amended by the ADA Amendments Act of 2008 (together, "ADA"). A diagnostic label, in and of itself, does not establish coverage under the ADA, nor does prior receipt of accommodations for a particular activity guarantee that identical accommodations are indicated or will be available in all future settings and circumstances. The ADA covers individuals who are substantially limited in in a major life activity. Determination of whether an individual is substantially limited in functioning as compared to most people is based on assessment of the current impact of the identified impairment. Unlike some education laws that focus on maximizing an individual's

potential (e.g., Individuals with Disabilities Education Act), the ADA is not intended to focus on the achievement of a particular result, such as test completion or a passing score.

In order to help us make a more informed decision regarding your request, you should submit additional documentation to demonstrate the chronic and current *functional impact* of your reported difficulties. Please provide any available transcripts from high school, your college transcripts, and your complete medical school transcript, as well as transcripts from any additional post-baccalaureate coursework. You should also submit scores from all administrations of standardized exams that you have taken (e.g., SAT, GRE, or MCAT). Please submit verification of accommodations granted for any administration of such exams. Additional documentation to demonstrate a substantial impairment in a major life activity may include job performance evaluations (from paid, volunteer, or internship positions), formal medical school faculty or supervisor feedback, clerkship/ward rotation evaluations, clinical course grades/evaluations, recent diagnostic or treatment summaries from any treating mental health professionals (such as professional counselors, psychologists, psychiatrists, etc.), or any other available sources to document what you can and cannot do on a regular and continuing basis.

Please refer to the USMLE Guidelines to Request Test Accommodations at www.usmle.org for a detailed description of how to document a need for accommodation and discuss this information with your evaluators as needed to assist you in compiling complete and comprehensive documentation.

We will release the hold on your scheduling permit at this time. You may schedule your examination and test under standard conditions or you may provide additional documentation for our review as outlined above. The requested information will assist us in determining whether you are a covered individual as defined by the ADA, and if so, what accommodations are appropriate.

If you choose to provide additional documentation, you may send it by mail to Disability Services, 3750 Market Street, Philadelphia, PA 19104. Alternatively, you may fax documents to 215-590-9422 and call 215-590-9700 to verify receipt. Please do not send bound or tabbed materials, or duplicate copies of documentation already submitted as this will delay processing of your request. You are responsible for monitoring your registration status and examination eligibility. We must receive sufficient additional documentation to process your request prior to the expiration of your eligibility period.

If we do not receive any additional documentation from you, or if you test under standard conditions, your request for accommodations will be cancelled. If you do not plan to submit additional documentation and would like to test under standard conditions, please contact your case coordinator, Maria L. Fuentes, at 215-590-9700.

Sincerely,

*Michelle M. Goldberg*
Michelle M. Goldberg, Ph.D.
Disability Assessment Associate, Disability Services

# EXHIBIT C

JUL-29-2009 15:18 From:MULLIN HOARD BROWN     806 3716230           To:NHT L BOHRD MED EXHT P.2/2

# MULLIN•HOARD•BROWN•LLP



### ATTORNEYS AT LAW

**VINCENT E. NOWAK, PARTNER**

Board Certified in Personal Injury Trial Law by the
Texas Board of Legal Specialization

Email: venowak@mhba.com
Direct Dial: (806) 337-1106
Facsimile: (806) 371-6230

July 29, 2009



1039829         0-755-740-8
7/29/09  (Nowak)-Attorney

**Via Facsimile: 215-590-9422**

Catherine Farmer
Disability Services
National Board of Medical Examiners
3570 Market Street
Philadelphia, PA  19104-3102

      Re:   Michael Steven Kober
              USMLE ID# 0-755-740-8

Dear Ms. Farmer:

     I represent Michael Kober regarding accommodations for the USMLE examinations, and am currently drafting the complaint to be filed in federal court. However, my client would like to avoid litigation. In that regard, I am asking that the board reconsider Michael's request for accommodations in light of the recent amendments to the ADA. Michael's deadline to take the Step 1 Exam is fast approaching, so your attention is greatly appreciated. I truly hope that we can resolve this matter short of protracted litigation. I look forward to hearing from you.

     With best personal regards, I remain

                            Very truly yours,

                            Vincent E. Nowak

VEN/gh

PO BOX 31656, 79120 • 500 S TAYLOR • SUITE 800, LB 213 • AMARILLO, TEXAS 79101
PHONE: 806-372-5050 • FAX: 806 372 5086

AMARILLO • LUBBOCK • DALLAS

WWW.MULLINHOARD.COM

:\DATA\DOCKS\LEGAL\2705\00\09035675.DOC

RECEIVED

JUL 29 2009

Disability Services

# EXHIBIT D

 **NBME**

National Board of Medical Examiners
3750 Market Street
Philadelphia, PA 19104-3102

215-590-9500 phone
www.nbme.org

-Confidential-

VIA CERTIFIED MAIL
July 30, 2009

Vincent E. Nowak, Esq.
500 S. Taylor
Suite 800, LB 213
Amarillo, TX 79101

Re: Michael Steven Kober
USMLE ID# 0-755-740-8

Dear Mr. Nowak:

I am writing in response to your letter dated July 29, 2009, concerning your client, Michael Steven Kober. In your letter, you ask that we "reconsider" your client's request for accommodations in light of the recent amendments to the ADA.

Please be advised that we have not reached a final decision regarding your client's request for accommodations. We are currently awaiting a response from your client to our June 24, 2009 letter, a copy of which is attached. Please advise us whether your client intends to submit additional information. If your client provides information, we will consider it fully in our review. If he chooses not to do so, we will review the materials he has submitted to date and inform you of the decision at the conclusion of our review.

Sincerely,

Catherine Farmer, Psy.D.
Manager, Disability Services
ADA Compliance Officer, Testing Programs

cc: M. Kober