UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| MICHAEL STEVEN KOBER | CIVIL ACTION NO. 09-1772 |
| VERSUS | JUDGE STAGG |
| NATIONAL BOARD OF MEDICAL EXAMINERS | MAGISTRATE JUDGE HORNSBY |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS**

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation
John T. Kalmbach #24484
333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260

ATTORNEYS FOR NATIONAL
BOARD OF MEDICAL EXAMINER

## INTRODUCTION

Defendant National Board of Medical Examiners ("NBME") respectfully submits this brief in reply to Plaintiff's Response to Defendant's Motion to Dismiss ("Pl. Resp."). Plaintiff has failed to overcome NBME's showing that his claims are not ripe for judicial adjudication. His complaint should therefore be dismissed under Fed. R. Civ. P. 12(b)(1).

Mr. Kober asserts that NBME's motion to dismiss is "specious" and "an affront to this Court's jurisdiction." Pl. Resp. 4. These rhetorical flourishes do not overcome the undisputed facts relating to Mr. Kober's request for testing accommodations on the USMLE Step 1 examination. The following facts remain undisputed: (1) Mr. Kober is not currently registered to take the Step 1 exam; (2) Mr. Kober has no accommodation request pending with the NBME; (3) when Mr. Kober requested accommodations in connection with his most recent exam registration, NBME informed him that his documentation was insufficient and asked him to submit specific, missing information so that NBME could make a decision on his request; (4) Mr. Kober never submitted the requested information; and (5) Mr. Kober did not respond when NBME asked him if he wanted NBME to make a decision based upon the documents he had already submitted. *See* Declaration of Catherine Farmer ("Farmer Decl.") at ¶¶ 11-17, attached to Memorandum in Support of Defendant's Motion to Dismiss (filed Nov. 13, 2009); *see also* Pl. Resp. at 10 ("[NBME's] evidentiary materials fail to give rise to any disputed facts"). As a result, NBME did not send his file out to an external expert reviewer as it routinely does when evaluating requests for accommodation, and it did not make a substantive decision on his request. At this time, there is simply no decision for the Court to review.

I.      **NBME's Test Accommodation Policies**

NBME has a set of written polices and procedures which explain to prospective examinees what documentation should be provided in support of a request for testing accommodations. NBME's *Guidelines to Request Test Accommodations* are available on the USMLE website, www.USMLE.org. The requested documentation should establish the existence of a qualifying disability and the need for an accommodation.[1]

NBME's "procedures are designed to ensure that individuals with *bona fide* disabilities receive accommodations, and that those without disabilities do not receive accommodations that they are not entitled to, and which could provide them with an unfair advantage when taking the medical licensing examination. As administrator of the national exam used by a number of states for licensing medical doctors, the National Board has a duty to ensure that its examination is fairly administered to all those taking it." *Powell v. Nat'l Bd. of Medical Examiners*, 364 F.3d 79, 88-89 (2d Cir. 2004). NBME routinely calls upon independent external reviewers with relevant expertise to assist in this review process, once the supporting documentation is complete and the file is ready for a decision. *See* Farmer Decl., ¶ 5.

II.     **For Reasons Attributable To Mr. Kober, NBME Has Not Yet Decided Whether He Is Entitled To Testing Accommodations**

Mr. Kober asserts that his requests for extra testing time on the USMLE exam "have been denied" by NBME. Pl. Resp. 5. He cites no evidentiary support in making this assertion, *see id.,* and it is refuted by the declaration and correspondence that NBME has submitted to the Court.

---

[1]     *Cf.* U.S. Dep't of Justice, "Manual and Procedures for Providing Reasonable Accommodation," at 3 (Oct. 2002) (explaining the documentation policies that federal agencies may use when accommodations are requested by applicants or employees under the Rehabilitation Act: "The components are entitled to know that an employee or applicant has a disability that requires a reasonable accommodation. In some cases the disability and need for accommodation will be obvious or otherwise already known to the decision maker…. However, when a disability and/or need for reasonable accommodation is not obvious or otherwise already known to the decision maker, the component may require that the individual provide reasonable documentation about the disability and functional limitations. The agency has a right to request supplemental medical information if the information submitted does not clearly explain the nature of the disability or the need for the reasonable accommodation, or does not otherwise clarify how the requested accommodation will assist the employee to perform the essential functions of the job.").

*See* Farmer Decl., Exs. A-D. Indeed, Mr. Kober himself acknowledges elsewhere that he has never had a request for accommodations denied on its merits by NBME. *See, e.g.,* Pl. Resp. at 4 (accusing NBME of "refusing to make a decision"), *and* 11 (stating that Mr. Kober "has not been formally denied accommodations").

Mr. Kober has taken the Step 1 exam three times, without success. In April 2009, he registered to take it again. He was given a three-month eligibility period for testing of June 1 through August 31, 2009. Farmer Decl., ¶ 11. On June 19, 2009, NBME received an Applicant's Request for Test Accommodation from Mr. Kober. *Id.,* ¶ 13.[2] NBME reviewed his materials and, in a letter dated June 24, 2009, informed Mr. Kober that his documentation was insufficient for NBME to make an informed decision. *Id.,* ¶ 14 and Ex. B. NBME encouraged him to provide additional documentation that might support his request. *Id*.

Mr. Kober did not provide any supplemental documentation. Instead, more than a month later, his counsel, Vincent Nowak, sent a letter asking NBME to "reconsider" its decision. *Id.,* ¶15. NBME responded the next day. In a letter dated July 30, 2009, NBME informed Mr. Nowak that NBME had "not reached a final decision regarding your client's request for accommodations" and was "awaiting a response from your client to our June 24, 2009 letter, a copy of which is attached." *Id.,* Ex. D. NBME then made clear to Mr. Kober and his counsel what they should do to move the process forward:

> Please advise us whether your client intends to submit additional information. If your client provides information, we will consider it fully in our review. If he chooses not to do so, we will review the materials he has submitted to date and inform you of the decision at the conclusion of the review.

---

[2] Mr. Kober first requested accommodations on a Step 1 exam in June 2008. Farmer Decl., ¶ 7. NBME asked him to provide additional information so that NBME could properly evaluate his request. *Id.,* ¶ 8; Complaint ¶ 18. Rather than provide any additional information, Mr. Kober elected to withdraw his request and take the Step 1 exam without accommodations. Farmer Decl., ¶¶ 9-10. He did not obtain a passing score.

*Id.*

NBME did not receive a response to its July 30th letter. *Id.,* ¶ 16. Accordingly, NBME never submitted Mr. Kober's request to an independent external reviewer, as it routinely does when a file is ready for review, *id.,* ¶ 5, and it never made a final decision on his June 2009 request for testing accommodations. Mr. Kober's three-month registration period to take the Step 1 exam expired on August 31, 2009, and he has not re-registered. *Id.,* ¶ 17. As a result, he is not currently registered to take the exam and has no accommodation request pending with the NBME. *Id.*

The undisputed record thus makes clear that this is not a situation in which NBME "refuses to make a 'final' decision" or has been "sitting on its hands." Pl. Resp. 4. Quite the contrary, NBME was ready and willing to make a timely decision on Mr. Kober's most recent accommodation request, and told him what additional information he should submit so that his file would be ready for review. *See* Farmer Decl., Ex. B. NBME also told Mr. Kober -- and his attorney -- that NBME was prepared to make a decision on his request notwithstanding the missing documentation if Mr. Kober wanted NBME to do so. *Id.,* Ex. D.

## ARGUMENT

I.     **Applicable Legal Standard Under Rule 12(b)(1)**

Plaintiff does not dispute that he bears the burden of establishing subject matter jurisdiction. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Nor does he dispute that the Court may consider materials outside the pleadings, including declarations, in determining whether subject matter jurisdiction exists. *See Carmichael v. United Technologies Corp.*, 835 F.2d 109, 114 n.7 (5th Cir. 1988).

## II.     Mr. Kober's Claims Are Clearly Premature

NBME never made a decision on either of Mr. Kober's two accommodation requests because Mr. Kober never submitted the additional information requested by NBME. In connection with his most recent request, he did not ask NBME to make a decision based upon the information that he had already provided, even though NBME expressly said that it would do so if that is what Mr. Kober wanted. He is not currently registered to take the exam, and he has no accommodation request pending with the NBME. *See generally* Farmer Decl. at ¶¶ 7-17 and exhibits thereto. Based upon these undisputed facts, the Court should conclude that his ADA claims are premature and must be dismissed.

The principal authority relied upon by Mr. Kober for his contrary position is *Groome Resources Ltd. v. Parish of Jefferson*, 234 F.3d 192 (5th Cir. 2000). The facts of that case, however, bear no resemblance to the facts here. *Groome* involved a request for "reasonable accommodations" under the federal Fair Housing Amendments Act by a limited partnership that operated group homes. The requested accommodation was for a variance from a local zoning law to permit the operation of a group home in which five unrelated disabled individuals would reside. Groome Resources applied for the variance on February 11, 1999. The defendant Parish failed to act on the request for more than three months. The evidence showed that "there was no planned action on the application," and that the person in charge of the review process "'could not say what the current status of the application was, what if anything remained to be done to complete the process or when it might be done, and … who the ultimate decision maker would be.'" *Id.* at 197. In the words of the Firth Circuit, there had been an "indeterminate" and "unjustified delay" by the Parish, even though "a full and complete application had been submitted and had been reviewed." *Id.* at 199. Indeed, four months after the filing of the

lawsuit, "the Parish officials in charge of the application [still] could not provide any timetable or plan for acting on the application." *Id.*

The present situation is altogether different. NBME acted in a timely manner at each step in the process and made clear to Mr. Kober what he needed to do in order to have a decision made on his request. *See* Farmer Decl., Ex. B (June 24, 2009 letter from NBME, responding to the Request for Test Accommodations that NBME received from Mr. Kober on June 19th); *id.*, Ex. D (July 30, 2009 letter from NBME, responding to the July 29th letter from Mr. Kober's counsel). There was no "unjustified" or "indeterminate" delay on NBME's part, nor any uncertainty on anyone's part regarding "the status of [his] application" or what "remained to be done to complete the process." Mr. Kober never submitted "a full and compete application," and the request that he submitted was never reviewed on it merits by NBME because of Mr. Kober's inaction. Any delay in having a final decision made on his request for accommodations was attributable solely to Mr. Kober. *Groome* therefore provides no support for Mr. Kober's assertion that his claims are ripe for review.

Nor does Mr. Kober's other case authority provide such support. Mr. Kober relies extensively on ripeness cases involving pre-enforcement challenges to new statutes or regulations by business entities or other parties affected by the new laws.[3] That factual scenario

---

[3] *See* Pl. Resp. 10-15, *citing Pacific Gas & Elec. Co. v. State Energy Conservation & Dev. Comm'n*, 461 U.S. 190 (1983) (pre-application challenge by electric utilities to statute regulating approval process for construction of nuclear power plants); *Lake Carriers' Ass'n v. MacMullan*, 406 U.S. 498 (1972) (pre-enforcement challenge to state pollution control statute by ship owners and operators); *Abbott Labs. v. Gardner*, 387 U.S. 136 (1967) (pre-enforcement challenge to FDA drug regulations); *Alder v. Bd. of Ed. of the City of New York*, 342 U.S. 485 (1952) (pre-enforcement challenge to state law designed to keep subversive persons out of public schools); *Pierce v. Society of Sisters*, 268 U.S. 510 (1925) (challenge to school attendance statute); *Texas v. United States*, 497 F.3d 491 (5th Cir. 2007) (challenge to Interior Department regulations relating to gaming licenses before the Department had acted on a license); *Central & South West Services v. EPA*, 220 F.3d 386 (5th Cir. 2000) (pre-enforcement challenge to EPA regulations concerning PCBs); *Employers Ass'n, Inc. v. United Steel Workers of America,* 32 F.3d 1297 (8th Cir. 1994) (pre-enforcement challenge by an association of employers to state statute regulating unfair labor practices during a strike); *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 833 F.2d 583 (5th Cir. 1987) (pre-enforcement challenge to a city council's "prudence inquiry" regarding the proper allocation of costs associated with nuclear power plant); *Minnesota PIRG v. Selective Serv. System*, 557 F. Supp. 925 (D. Minn. 1983)

is very different from the situation here, where an individual is challenging a decision by a private testing organization on a request for testing accommodations, and the decision has not yet been made. The facts of this case are much closer to the facts in *Kastner v. Texas Bd. of Law Examiners*, 278 Fed. Appx. 346, 2008 U.S. App. LEXIS 10416 (5th Cir. 2008). *Kastner* was cited in NBME's opening brief but has been ignored in Mr. Kober's response.

In *Kastner*, the Fifth Circuit affirmed a trial court's dismissal of claims that been asserted by a bar applicant because there had not yet been a decision on his application:

> [T]he hearing scheduled by the [Board of Law Examiners] has not been conducted and the [Board] has not yet made a final determination as to his application for admission. Because Kastner has not yet been denied admission to the bar, his claims are merely hypothetical, and our review is barred by the ripeness doctrine.

278 Fed. Appx. at 348-49. The applicant's claims were hypothetical, because he was speculating on the outcome of a decision-making process that had not yet occurred. His claims were not ripe and the court therefore lacked subject matter jurisdiction. *See also United Transp. Union v. Foster,* 205 F.3d 851, 857 (5th Cir. 2000) ("Ripeness separates those matters that are premature because the injury is speculative and may never occur from those that are appropriate for judicial review.").

That is precisely the situation here. There has been no decision by NBME on Mr. Kober's application for testing accommodations. His application has not been denied. Therefore, his claims at this point are merely hypothetical. He does not know what NBME's external reviewer will recommend when he or she reviews Mr. Kober's documentation, or what NBME will do when it gets the reviewer's report. The NBME might conclude that accommodations are warranted. If that happens, the claims in this lawsuit go away. Alternatively, after considering the outside expert's opinion, the NBME might conclude that the

---

*rev'd*, 468 U.S. 841 (1984) (pre-enforcement challenge to a federal statute that denied financial aid to students who have not complied with selective service requirements).

need for accommodations has not been shown. If that were to happen, the NBME would provide reasons for the conclusions reached, and the Court and the parties would then have a decision to evaluate against the requirements of the ADA, based upon facts that do not now exist.

## **CONCLUSION**

Instead of filing this lawsuit, Mr. Kober should have re-registered to take the Step 1 exam, renewed his request for accommodations, and either submitted additional documentation to the NBME as he had been asked to do, or told NBME that he wanted a decision made based upon the documentation already submitted. If he and his counsel had done this instead of filing a premature lawsuit, Mr. Kober would have gotten a decision on his request for accommodations. If the decision were favorable, he might already have been able to take the test. If unfavorable, he would have the factual predicate needed to file a lawsuit. He chose a different path, however, and should now bear the consequences of his actions.

Plaintiff's complaint should be dismissed.

Respectfully submitted,

COOK, YANCEY, KING & GALLOWAY
A Professional Law Corporation

By: s/John T. Kalmbach
    John T. Kalmbach #24484

333 Texas Street, Suite 1700
P. O. Box 22260
Shreveport, LA 71120-2260
Telephone: (318)221-6277
Telecopier: (318) 227-7850
herschel.richard@cookyancey.com
iohn.kalmbach@cookyancey.com

ATTORNEYS FOR NATIONAL BOARD OF
MEDICAL EXAMINERS

**<u>CERTIFICATE</u>**

I HEREBY CERTIFY that a copy of the above and foregoing was filed with the United States District Court for the Western District of Louisiana by electronic case filing/case management and that a copy of the same was either served on all counsel of record by electronic notification or by U.S. Mail, postage pre-paid.

Shreveport, Louisiana, this 4th day of December, 2009.

                                                                                            s/John T. Kalmbach
                                                                                                OF COUNSEL